**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Nicole Marie Pike and Robert Edward Pike,<br><br>             Debtor(s). | C/A No. 19-05493-JW<br><br>Adv. Pro. No. 20-80008-JW<br><br>Chapter 13 |
| Nicole Marie Pike,<br><br>             Plaintiff(s),<br><br>v.<br><br>Wakefield and Associates, Inc,<br><br>             Defendant(s). | **ORDER** |

  This matter comes before the court for a hearing on the review of compensation paid or to be paid to David Breen, the Breen Law Firm, Matthew Breen, and Lowcountry Law Firm, LLC ("Counsel"), attorneys for Debtor(s) in connection with the above-captioned adversary proceeding and for review of the disclosures of compensation and representation agreements submitted by Counsel as requested by the Court.[1]

  Pursuant to 11 U.S.C. § 329 and Fed. R. Bankr. P. 2017, this Court has the statutory duty and authority to review fees paid to debtor's counsel and to the extent the fees exceed the reasonable value of services provided, enter an order to return the payment to the estate or the entity that made the payment. *See In re Parast,* 612 B.R. 698 (Bankr. D.S.C. 2020); *In re Henderson,* 360 B.R. 477, 484 (Bankr. D.S.C. 2006). "Section 329 of the Bankruptcy

---

[1] The disclosures of compensation from Counsel were requested by the Court in connection with orders entered on March 25, 2021, April 9, 2021, and May 7, 2021 in the following case and adversary proceedings: *In re James Defeo,* C/A No. 20-03738, *Defeo v. Radius Global Solutions LLC,* Adv. Pro. No. 20-80090, *Defeo v. Winyah Surgical Specialists, P.A., doing business as Winyah Surgical Specialists,* Adv. Pro. No. 21-80011. The March 25, 2021 Order required Counsel to "self-report all adversary proceedings in which they serve or have served as co-counsel under agreements similar to those in these proceedings within the last three years and provide the relevant fee disclosures and agreements if not otherwise filed in the applicable cases."

Code governs the debtor's transactions with attorneys [and] requires that an attorney submit a statement of compensation to be paid to enable the court to determine if the fees are reasonable, for the court has an independent judicial responsibility to review the fees of professionals *sua sponte*, even in the absence of objections." *In re Parrilla,* 530 B.R. 1 (Bankr. D.P.R. 2015) (citing *Tri–State Fin., LLC. v. Lovald,* 525 F.3d 649, 655 (8th Cir.2009), cert. denied 555 U.S. 1046, 129 S.Ct. 630, 172 L.Ed.2d 610 (2008); *In re Claudio*, 459 B.R. 500, 512 (Bankr.D.Mass.2011); *In re First Software Corp.*, 79 B.R. 108, 111 (Bankr.D.Mass.1987); *In re LaFrance*, 311 B.R. 1, 20–21 (Bankr.D.Ma.2004)). The requirements of disclosure by counsel under § 329 are mandated even if a debtor's attorney intends to receive no compensation from the estate or is being paid by a third party. *In re Parast,* 612 B.R. at 706; Fed. R. Bankr. P. 2016(b).[2] The debtor's attorney's duty to make these disclosures under § 329 is a continuous duty: new fee payments and representation agreements that occur during the course of a debtor's case must also be disclosed.[3] *See* SC LBR 2016-1(b)(4).[4]

---

[2] Rule 2016(b) provides:

**(b) Disclosure of compensation paid or promised to attorney for debtor**

Every attorney for a debtor, ***whether or not the attorney applies for compensation***, shall file and transmit to the United States trustee within 14 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required. A supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed.

[3] The requirements of Fed. R. Bankr. P. 2016 are examined in Collier on Bankruptcy as follows:

Rule 2016(b) requires the debtor's attorney to file with the court, and transmit to the United States trustee, the statement required by section 329(a), which must be filed within 14 days after the order for relief, or at such other time as the court may direct. The statement must, in accordance with section 329(a) and Rule 2016(b),
- disclose all compensation paid or promised;

2

Section 330(a)(4)(B) further provides that "[i]n a … chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration *of the benefit and necessity of such services to the debtor* and other factors set forth in this section." (emphasis added)

In this adversary proceeding, the debtor filed a Complaint which included claims which were factually centered around an allegation of a willful violation of the automatic stay under 11 U.S.C. § 362(k). Section 362(k) provides for the recovery of actual damages, including costs and reasonable attorney's fees, to an individual injured by any willful violation of the automatic stay.

Any attorney's fees awarded in an action for willful violation of the automatic stay are damages awarded to the Debtor, and therefore any payment of such attorney's fees is compensation from the Debtor. *See* 11 U.S.C. § 362(k).  The disclosures of compensation

---

- list services rendered or to be rendered in contemplation of or in connection with the case;
- indicate whether the payment or the agreement to pay was made within a year before the filing of the petition;
- disclose the source of the payment; and
- disclose any agreement or understanding concerning sharing of compensation with an entity.

Rule 2016 applies to any attorney for a debtor, regardless of whether the attorney applied to the court for compensation or reimbursement from the estate or received compensation prior to the filing of the petition.  Its purpose is to facilitate court examination pursuant to section 329(b) and Rule 2017, even if the payments made or promised are not compensable out of the estate….

Rule 2016(b) further requires the attorney to file with the court, and transmit to the United States trustee, a supplement to the section 329 statement within 14 days if an undisclosed payment is made to the attorney or a new or amended agreement is entered into by the debtor and the attorney.

3 Collier on Bankruptcy  ¶ 329.02 [1] (LEXIS 2020)(citing cases)

[4] SC LBR 2016-1(b)(4) provides that: "Attorneys employed by a debtor during the case to assist with work not contemplated under the expedited fee process or addressed in the supplemental fee provision in the written fee agreement, such as representation of debtor in a tort matter, an adversary proceeding or an action in connection with the case in a non-bankruptcy court, shall comply with the filing requirements of 11 U.S.C. § 329."

3

and representation agreements submitted for review indicate that Counsel and Debtor entered into a representation agreement which provided that Counsel would be compensated for their services in the adversary proceeding based upon an hourly rate. Prior to trial or judgment, Plaintiff's claims contained in the Complaint were settled by a payment made by the Defendant(s) and the adversary proceeding ended by a stipulated notice of dismissal. According to a report from Counsel, the largest portion of the settlement proceeds was paid to Counsel as attorney's fees and costs with the remaining amount paid to debtor for all other damages. The fees paid in connection with the settlement are subject to review by the Court under § 329 and Fed. R. Bankr. P. 2016(b) and 2017 regardless of whether they are paid by Debtor or by the Defendant(s) in this adversary proceeding. *See* 11 U.S.C. § 329(a); Fed. R. Bankr. P. 2016(b).[5]

Based upon its review of the disclosures of compensation, representation agreements, and time records submitted by Counsel, the Court has concerns regarding the

---

[5]   A bankruptcy court's duty to review compensation paid to a debtor's attorney and a debtor's attorney's duty to disclose compensation are examined in Collier on Bankruptcy:

> Section 329 of the Bankruptcy Code not only recognizes the bankruptcy court's traditional concern for the need to carefully scrutinize the compensation paid to the debtor's attorney, but also underscores that the court has a duty to do so, *sua sponte,* and even in the absence of objections. Courts have long acknowledged that debtors are in a vulnerable position and therefore might be reluctant to object to fees they have paid or agreed to pay. In order to prevent overreaching by an attorney, and provide protection for creditors, section 329 requires that an attorney submit a statement of compensation to enable the court to determine if the fees are reasonable....
>
> Section 329(a) and Federal Rule of Bankruptcy Procedure 2016 require that the debtor's attorney timely file with the court an accurate statement of not only the amount of the compensation paid or agreed to be paid to the attorney for services rendered or to be rendered in contemplation or in connection with the case under the Bankruptcy Code, but also the source of the funds, regardless whether counsel will seek compensation from the estate. This disclosure obligation is mandatory and not permissive and is a continuing one…. Once a question has been raised about the reasonableness of an attorney's fee under section 329, the attorney bears the burden of establishing that the fee is reasonable.

3 Collier on Bankruptcy ¶ 329.01 (LEXIS 2020)(citing cases)

4

compensation paid to Counsel, including the following: unnecessary services or unreasonable charges, lack of benefit to debtor/estate, lumping or grouping of services, insufficient description of services or detail provided, duplication of services by counsel, billing for clerical or non-attorney services, minimal billing increment greater than .10 hour, excessive hourly rate, the identification of services performed by each attorney, and the percentage of payment to attorneys vs. payment to debtor.[6] Based on the Court's review, the fees charged by Counsel appear excessive and unreasonable and therefore may be disallowed.

      Accordingly, in order to allow Counsel an opportunity to address these concerns, the Court will conduct a further hearing on **June 29, 2021 at 10:00 AM at the King and Queen Building, 145 King Street Room 225, Charleston, SC 29401** ("Charleston Court Location"). To the extent the hearing is not concluded, the hearing will be carried over to **June 30, 2021 at 9:00 AM** at the Charleston Court Location. Counsel shall appear in person at the hearing and should bring copies of any unfiled documents or emails supporting compensation for the services rendered in this adversary proceeding for consideration by the Court. Counsel shall submit a statement of dispute citing their position, including the identification of any witnesses, evidence, and applicable case law **on or before 12:00 p.m. on June 22, 2021**, or shall be deemed to have waived their right to present these supporting materials. Counsel shall coordinate the manner of presentation of any documents and evidence in advance of the hearing with the courtroom deputy, Nicole Stalvey, **no later than June 24, 2021**.

---

[6] *See* United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, 28 C.F.R. § pt. 58, App. A.

5

In addition to a review of the reasonableness of the compensation paid to Counsel, the Court shall undertake a review and discussion of the Disclosures of Compensation, Retainer or Representation Agreements, and any other related documents on which the employment and compensation of Counsel was based.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**06/11/2021**



US Bankruptcy Judge
District of South Carolina

Entered: 06/11/2021